**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 29, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

ROBERTO DUARTE SNYDER,

      Defendant–Appellant.

No. 09-2312
(D.C. No. 1:08-CR-00823-JB-2)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

Roberto Duarte Snyder appeals his conviction and sentence imposed for violation

of 21 U.S.C. §§ 841(b)(1)(A) and 846. Synder's appointed appellate counsel filed an

Anders brief, seeking permission to withdraw as counsel because the appeal is "wholly

frivolous." Anders v. California, 386 U.S. 738, 744 (1967). Exercising jurisdiction

under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we grant counsel's motion to withdraw

---

* The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

and dismiss the appeal.

# I

In April 2008, Snyder was indicted on one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine and one count of possessing with intent to distribute five kilograms or more of cocaine. In exchange for Snyder's guilty plea on the conspiracy count, the government successfully moved for the dismissal of the possession count. A probation officer then prepared a Presentence Investigation Report ("PSR") calculating Snyder's base offense level as 32 but recommending a three-level downward adjustment for acceptance of responsibility pursuant to United States Sentencing Guideline ("U.S.S.G.") § 3E1.1. The PSR initially recommended that the court apply the safety-valve provisions of U.S.S.G. § 5C1.2(a), which would have saved Snyder from a ten-year mandatory minimum sentence, see 21 U.S.C. § 841(b)(1)(A). After the government argued that Snyder failed to fully and truthfully provide the government with details about the offense, however, the probation officer removed the PSR's discussion of safety-valve eligibility pending an evidentiary hearing.

In advance of the evidentiary hearing, Snyder and a co-defendant submitted a joint sentencing declaration detailing their involvement in the offense. The declaration stated that an "old man" recruited Snyder to transport drugs in exchange for a place to live, money, and drugs. It further stated that unnamed individuals called Snyder to arrange for the transportation of drugs. All exchanges of drugs and money purportedly took place inside Snyder's vehicle, when Snyder was not present. The joint declaration provided

neither details about the old man's appearance nor any description of the individuals who called Snyder or made the drug exchanges. Snyder did not meet with officials to supplement his statement with further details, even after the district court indicated that the joint declaration might be insufficient to qualify him for the safety-valve exception.

After hearing evidence on the matter, the district court concluded Snyder was not entitled to the safety-valve exception. It explained:

> The Court does not expect Mr. Snyder necessarily to be able to identify the old man or the various "persons unknown" that appear throughout the declaration, but Mr. Snyder likely could have provided more information about them. For example, he could have at least given a physical description of the old man or some other information that might help to identify him. And he could have provided more information about the unknown persons who had Mr. Snyder contact the old man in the first place. Even if Mr. Snyder could not name these persons, he could have explained the circumstances in which he spoke with them, why they might have told him to contact the old man, and why Mr. Snyder was talking with them and decided to call the old man. The declaration is riddled with other examples of persons unknown, without a sliver of identifying information about any of them. . . . The deficiency of Mr. Snyder's proffer . . . is apparent on its face.

The court sentenced Snyder to ten years' imprisonment. Snyder filed a timely notice of appeal.[1]

## II

Under Anders, if an attorney examines a case and determines that any appeal

---

[1] Although the district court's judgment is dated July 8, 2009, it did not rule on the government's objection to the application of the safety-valve exception—and therefore the judgment was not final—until December 15, 2009. Thus, Snyder's notice of appeal, filed on December 22, 2009, was timely. See Fed. R. App. P. 4(b)(1)(A) (2009) (amended 2010).

would be "wholly frivolous," counsel may "so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel must submit a brief to both the appellate court and the client, pointing to anything in the record that could potentially present an appealable issue. Id. The client may then offer supplemental argument to the court. Id. If, upon close examination of the record, the court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. Id. In this case, counsel served Snyder with a copy of the appellate brief, and Snyder did not file a response.

The record reveals that the only arguably appealable issue is whether the district court improperly denied Snyder a safety-valve exception. We review for clear error a district court's determination that a defendant is ineligible for the safety-valve exception. United States v. Stephenson, 452 F.3d 1173, 1180 (10th Cir. 2006). We agree with counsel that any argument that the district court clearly erred is wholly without merit.

The Guidelines provide: "[T]he court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5)." U.S.S.G. § 5C1.2(a). "The defendant bears the burden of proving by a preponderance of the evidence that he is entitled to the safety-valve adjustment." Stephenson, 452 F.3d at 1179. The district court determined that Snyder failed to demonstrate he had "truthfully provided to the Government all information and evidence the defendant ha[d] concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan" prior to his sentencing hearing. § 3553(f)(5). Consequently, he was not

-4-

entitled to relief under U.S.S.G. § 5C1.2(a).

To meet the strictures of § 3553(f)(5), Snyder's "disclosure must not merely be truthful but also complete." Stephenson, 452 F.3d at 1180 (quotation and alteration omitted). "Obvious informational gaps" can support a district court's determination that a defendant's disclosure was incomplete. United States v. Altamirano-Quintero, 511 F.3d 1087, 1098 (10th Cir. 2007); see also Stephenson, 452 F.3d at 1180-81. The district court did not clearly err in finding the obvious gaps in Snyder's disclosures rendered them incomplete.

## III

For the foregoing reasons, we **GRANT** defense counsel's motion to withdraw and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge

-5-